UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**LINDA J. ROBLES, as Personal
Representative of the Estate of
MIGUEL A. MERCADO, deceased,**

    **Plaintiff,**

v.                                               Case No. 8:19-cv-1293-T-60AAS

**GEICO INDEMNITY COMPANY,**

    **Defendant,**
_____/

## ORDER

The parties appeared for a hearing on GEICO Indemnity Company's motion for *in camera* review and to compel documents withheld on Linda J. Robles's privilege log. (Doc. 31). Ms. Robles opposes the motion. (Doc. 43).

As the parties agreed at the hearing, the only five documents remaining at issue for this motion are Bates Nos. Robles_000071-74, 000075, 000077, 000078, and 000079 because Ms. Robles has now produced Robles_000080-81 and 000082-83. (*See* Doc. 31, p. 3). According to the privilege log, Ms. Robles claims Robles_000071-74, 000075, 000077, and 000078 are protected by the work-product doctrine and Robles_000079 is protected by both the work-product doctrine and attorney-client privilege. (*Id.*).

The court agrees with Ms. Robles's contention that GEICO is not automatically entitled to an *in camera* review of these five documents. *See United States v. DaVita,*

*Inc.*, 301 F.R.D. 676, 681 (N.D. Ga. Mar. 31, 2014) ("In camera review is not appropriate merely because a party objects to the assertions of privilege . . ..") (citing *U.S. v. Zolin*, 491 U.S. 554, 571–572 (1989)). That said, "where there is a sufficient evidentiary showing that an issue exists regarding the application of a privilege, the court must utilize its discretion as to whether *in camera* review is appropriate under the circumstances presented." *Id.*

The parties dispute whether the withheld documents at issue contain information that is relevant and proportional to the needs of this action, as well as discoverable. The most effective (and efficient) way for the court to reach a conclusion is to conduct an *in camera* review of the five documents at issue. *See, e.g., Kehle v. USAA Cas. Ins. Co.*, No. 17-80447-CV, 2018 WL 2435176, at *1 (S.D. Fla. May 30, 2018) (the court conducted an *in camera* review of documents at issue in discovery dispute); *Cawthorn v. Auto-Owners Ins. Co.*, No. 6:16-CV-2240-ORL-28GJK, 2017 WL 8812754, at *7 (M.D. Fla. Aug. 10, 2017) (same); *McMullen v. GEICO Indem. Co.*, No. 14-CV-62467, 2015 WL 2226537, at *3 (S.D. Fla. May 13, 2015) (same); *Maharaj v. GEICO Cas. Co.*, 289 F.R.D. 666, 674 (S.D. Fla. 2013) (same); *Tolz v. Geico Gen. Ins. Co.*, No. 08-80663-CIV-JOHNSON, 2010 WL 384745, at *5 (S.D. Fla. Jan. 27, 2010) (same).

For these reasons and those stated on the record at the hearing,

1) GEICO's request for an *in camera* review is **GRANTED**. By **February 7, 2020**, Ms. Robles must email documents bates labeled Robles_000071-74, 000075,

000077, 000078, and 000079 to the undersigned's chambers at CHAMBERS_FLMD_SANSONE@flmd.uscourts.gov. Ms. Robles must also include a copy, in Microsoft word format, of the corresponding privilege log entries.

2) GEICO's motion to compel production of these documents is **TAKEN UNDER ADVISEMENT** pending the court's *in camera* review.

**ORDERED** in Tampa, Florida on January 24, 2020.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge