UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINDA J. ROBLES, as Personal
Representative of the Estate of
MIGUEL A. MERCADO, deceased,

    Plaintiff,

v.                                                             Case No. 8:19-cv-1293-T-60AAS

GEICO INDEMNITY COMPANY,

    Defendant,
_____/

## ORDER

The parties appeared for a hearing on GEICO Indemnity Company's motion for *in camera* review and to compel documents. (Doc. 31). At the hearing, the parties agreed the only five documents remaining at issue are Bates Nos. Robles_000071-74, 000075, 000077, 000078, and 000079.[1] Ms. Robles claims Robles_000071-74, 000075, 000077, and 000078 are protected by the work product doctrine and claims Robles_000079 is protected by both the work product doctrine and attorney-client privilege.

The court granted *in camera* review of the documents and took GEICO's motion to compel under advisement pending review. (Doc. 50).[2] The court performed an *in*

---

[1] Ms. Robles produced Bates Nos. Robles_000080-81 and 000082-83.

[2] Ms. Robles filed objections to the court's order granting *in camera* review, which were overruled. (*See* Docs. 54, 64).

1

*camera* review.³

"Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Discovery is meant to allow for the "open disclosure of all potentially relevant information." *Burns v. Thikol Chemical Corp.*, 483 F.2d 300, 307 (5th Cir. 1973).⁴ "The term 'relevant' is 'construed broadly to encompass any matter that bears on, or that reasonably could lead to other matter that bears on, any issue that is or may be in the case.'" *Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 430 (M.D. Fla. 2005) (quoting *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978)).

To prevail in this action, Ms. Robles must prove that GEICO acted in bad faith. "In Florida, the question of whether an insurer has acted in bad faith in handling claims against the insured is determined under the 'totality of the circumstances' standard." *Berges v. Infinity Ins. Co.*, 896 So. 2d 665, 680 (Fla. 2004). Thus, Ms. Robles must prove that GEICO could and should have settled Ms. Robles's claim

---

³ Initially, Ms. Robles submitted the documents with large portions redacted as "not subject to GEICO's Motion to Compel" or "Not Responsive to Request for Production." After a court order, Ms. Robles submitted the unredacted documents. (*See* Doc. 65). When redacting information, counsel should only redact information that is truly proprietary, confidential, or constitutes a trade secret. *See Harleysville-Atl. Ins. Co. v. CB Contractors, LLC*, No. 6:17-CV-258-ORL-28GJK, 2017 WL 8948387, at *2 (M.D. Fla. June 29, 2017). Ms. Robles may not wholesale redact pages and paragraphs she subjectively deems non-responsive. *Id.*

⁴ In *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent all prior decisions of the Fifth Circuit.

within the policy limits. *See RLI Ins. Co. v. Scottsdale Ins. Co.*, 691 So. 2d 1095 (Fla. 4th DCA 1997); *Shin Crest PTE, Ltd. v. AIU Ins. Co.*, 605 F. Supp. 2d 1234 (M.D. Fla. 2009), aff'd, 2010 WL 5826888 (11th Cir. 2010).

Although a claim for bad faith focuses on the conduct of the insurer, the insured's willingness to settle the claim may be relevant to whether the insurer acted in bad faith under the totality of the circumstances test and is a factor that must be considered. *Cardenas v. Geico Cas. Co.*, 760 F. Supp. 2d 1305, 1309 (M.D. Fla. Jan. 13, 2011) ("[A]though a bad faith claim derives from and emphasizes the duty of the insurer to the insured, the conduct of a claimant and the claimant's attorney is relevant to determining the 'realistic probability of settlement.'") (quoting *Barry v. Geico Gen. Ins. Co.*, 938 So.2d 613, 618 (Fla. 4th DCA 2006)).

Under Rule 26(b)(3) work product materials may be discovered if "the party [seeking the information] shows that it has a substantial need for the materials to prepare its case and cannot without undue hardship obtain their subsequent equivalent by other means." Fed. R. Civ. P. 26(b)(3). Indeed, district courts have found work product related to an underlying lawsuit to be discoverable in a subsequent bad-faith action. *See McMullen v. GEICO Indem. Co.*, No. 14-CV-62467, 2015 WL 2226537, at *7-8 (S.D. Fla. May 13, 2015) ("just like GEICO's claim file is relevant to determining whether it acted in bad faith, the attorneys' underlying litigation files are similarly relevant to determining whether their clients would have settled within the policy limits"); *Tolz v. Geico General Ins. Co.*, No. 08-80663-CIV,

2010 WL 384745, *5 (S.D. Fla. 2010) (finding "no logical reason" why an insurer cannot invade the work product of a plaintiff and his or her counsel to support its defenses in a bad faith case).

By asserting a claim against GEICO for common law bad faith, Ms. Robles has created a factual issue of whether GEICO could have settled, i.e., whether Ms. Robles would have accepted GEICO's offer of policy limits to settle her claim. *Batchelor v. Geico Cas. Co.*, No. 6:11-CV-1071-ORL, 2014 WL 3697691, at *4 (M.D. Fla. Apr. 22, 2014), aff'd, No. 6:11-CV-1071-ORL-37, 2014 WL 3687490 (M.D. Fla. June 20, 2014). Thus, GEICO has a substantial need for materials that may otherwise be protected by the attorney-client privilege or work product doctrine because GEICO must be permitted to assess the veracity of Ms. Robles's claim that she would have accepted an offer of policy limits during the relevant time.

Communications and notes in the withheld documents address GEICO's efforts to resolve Ms. Robles's claim. This withheld information is highly relevant to whether GEICO could have settled the underlying claim "under the totality of the circumstances." *See McMullen*, 2015 WL 2226537, at *7-8. As courts have observed, it would promote "unjustified inequity" to compel GEICO to produce evidence relevant to Ms. Robles's claim while prohibiting GEICO from discovering evidence relevant to its defense. *See Tolz*, 2010 WL 384745, at *5; *McMullen*, 2015 WL 2226537, at *7-8.

Accordingly, GEICO's motion to compel (Doc. 31) is **GRANTED**. By **April 15,**

**2020**, Ms. Robles must produce to GEICO the *unredacted* Bates Nos. Robles_000071-74, 000075, 000077, 000078, and 000079.

**ORDERED** in Tampa, Florida on March 31, 2020.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge