# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

LINDA J. ROBLES, as Personal
Representative of the Estate of
MIGUEL A. MERCADO, deceased,

      Plaintiff,

v.                                  Case No. 8:19-cv-1293-T-60AAS

GEICO INDEMNITY COMPANY,

      Defendant,

_____/

## ORDER

Linda J. Robles, as Personal Representative of the Estate of Miguel A. Mercado, deceased, moves to compel documents responsive to request for production no. 17. (Doc. 49). GEICO Indemnity Company opposes the motion. (Doc. 56).

## I.    BACKGROUND

This action arises out of GEICO's alleged failure to settle a claim brought against its insured by the Estate of Miguel A. Mercado. (Doc. 1). Ms. Robles's discovery request no. 17 seeks the performance evaluations, statistical reviews, and other data related to the employees involved in handling the underlying claim. GEICO objected to this request and moved for a protective order. (Doc. 24). The court granted GEICO's motion and permitted Ms. Robles to seek a narrower set of documents for specific employees involved in handling Ms. Robles's claim. (Doc. 36).

Ms. Robles now seeks to compel the performance evaluations, statistical

1

reviews, and other data related to the job performance (including salary and bonus information) of Helen Gerdjikian, Dave Seavey, and Mark Sugden for the years 2008 through 2016.[1]   (Doc. 49).   GEICO agreed to produce only the performance evaluations for Ms. Gerdjikian, Mr. Seavey, and Mr. Sugden for 2008 and 2009 subject to an agreed upon confidentiality agreement.  (Doc. 56, p. 3, n. 1).

## II.   ANALYSIS

Rule 26(b) of the Federal Rules of Civil Procedure defines the scope of discovery as including "any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case . . .."  Fed. R. Civ. P. 26(b).  "The Federal Rules of Civil Procedure strongly favor full discovery whenever possible." *Farnsworth v. Procter & Gamble Co.*, 758 F.2d 1545, 1547 (11th Cir. 1985).

A party may move for an order compelling discovery from the opposing party. Fed. R. Civ. P. 37(a).  The party moving to compel discovery has the initial burden of proving the requested discovery is relevant and proportional.  *Douglas v. Kohl's Dep't. Stores, Inc.*, No. 6:15-CV-1185-Orl-22TBS, 2016 WL 1637277, at *2 (M.D. Fla. Apr. 25, 2016) (quotation and citation omitted).   The responding party must then specifically show how the requested discovery is objectionable.  *Panola Land Buyers Ass'n v. Shuman*, 762 F.2d 1550, 1559-60 (11th Cir. 1985).

The discovery request and response at issue are:

---

[1] Ms. Gerdjikian was the claims adjuster, Mr. Seavey was Ms. Gerdjikian's supervisor, and Mr. Sugden was GEICO's regional claims manager and Mr. Seavey's supervisor.

*Request No. 17*: Performance evaluations, statistical reviews, and other data pertaining to the job performance of the adjusters, supervisors, in-house attorneys and/or other GEICO employees more than incidentally involved in handling the Claim, including salary and bonus information, from October 19, 2008 through the date of the Final Judgment. This request expressly does not seek these employees' Social Security Numbers, bank account information, or medical information.

*Response*: GEICO objects to Request No. 17 as irrelevant, vague, overly broad, unduly burdensome, and not narrowly tailored to the facts and issues presented in this action. Specifically, Request No. 17 is not relevant to any party's claim or defense in this action and production of same is not proportional to the needs of the case as required by Federal Rule of Civil Procedure 26(b)(1). The narrow issue presented in this case is whether Plaintiff's claim did not settle because GEICO allegedly failed to respond to a demand term, whether the claim could have settled, and whether there was a realistic opportunity to settle. Accordingly, the requested "performance evaluations, statistical reviews, and other data pertaining to the job performance," of GEICO's employees is not relevant nor narrowly tailored to the specific facts and issues in the present action and Plaintiff can present no argument which would make the performance evaluations of the Progressive employees' handling of the Plaintiff's claims relevant to the instant action. Further, GEICO objects to Request No. 17 as being overbroad in scope in that it fails to properly identify the "adjusters, supervisors, in-house attorneys and/or other GEICO employees" that are the target of the discovery request. Moreover, GEICO objects to Request No. 17 as it seeks confidential and proprietary information, which is protected from disclosure pursuant to Florida Statute § 90.506. Specifically, GEICO objects to this request as the documents and information requested are confidential and sensitive in nature and not subject to discovery absent a showing that the "performance evaluations, statistical reviews, and other data pertaining to the job performance," of GEICO's employees is relevant to the present litigation and that disclosure of same will

not result in an undue invasion of the privacy of its employees. *See CAC-Ramsay Health Plans, Inc., v. Johnson*, 641 So.2d 434 (Fla. 3d DCA 1994); *see Alterra Healthcare Corp. v. Estate of Shelley*, 827 So.2d 936, 944-45 (Fla. 2002). GEICO also objects to Request No. 17 as the documents are inadmissible pursuant to Rule 404(b), Federal Rules of Evidence, because prior acts are not admissible to prove action in conformity therewith. *See Jones v. Southern Pacific Railroad*, 962 F.2d 447 (5th Cir. 1992). Moreover, any documents reflecting GEICO's reviews or evaluations of any employees' handling of the underlying claim are also inadmissible, as such documents would constitute improper evidence of subsequent remedial measures pursuant to Rule 407 of the Federal Rules of Evidence. *See Williams v. Asplungh Tree Expert Co.*, 2006 WL 2868923, *8 (M.D. Fla. 2006). Lastly, GEICO objects to Request No. 17 as this evidence can be obtained in a less burdensome manner, i.e., during depositions. GEICO will file a Motion for Protective Order regarding same. GEICO hereby incorporates by reference the objections and arguments contained therein.

Courts have concluded personnel files of insurance company employees who had "more than a minimal involvement in adjusting a claim" are relevant and discoverable because they may contain the employees' training, competence, evaluation, compensation, discipline, educational background, work duties, and hours of work. *Wiggins v. Gov't Employees Ins. Co.*, 3:16-CV-01142-TJC-MCR, No. 3:16-cv-01142-TJC-MCR, 2017 WL 3720952, at *3 (M.D. Fla. July 10, 2017) (determining employee personnel files about job performance, compensation, evaluation, discipline, training, educational background, work duties, and hours of work discoverable and relevant to the plaintiff's bad faith claim); *Moss v. GEICO Indem. Co.*, 5:10-CV-104-OC-10TBS, 2012 WL 682450, at *5 (M.D. Fla. Mar. 2, 2012)

(stating that personnel files for employees who had "more than minimal involvement with this claim" must be produced); *Kafie v. Nw. Mut. Life Ins. Co.*, No. 11-21251-CIV, 2011 WL 4636889, at *2 (S.D. Fla. Oct. 6, 2011) (granting motion to compel personnel files of employees involved in denial of benefits, "including information related to those employees' job performance, compensation, evaluation, discipline, training, educational background, work duties and hours of work").

The parties agree Ms. Gerdjikian, Mr. Seavey, and Mr. Sugden were extensively involved in the handling (or supervision of handling) of the underlying claim. At issue is whether the specific categories of requested documents are relevant and proportional. *See Pepperwood of Naples Condo. Ass'n, Inc. v. Nationwide Mut. Fire Ins. Co.*, 2:10-CV-753-FTM-36, 2011 WL 4596060, at *12 (M.D. Fla. Oct. 3, 2011) (compelling production of the personnel files for adjusters and supervisors who worked on the plaintiff's claim); *Turner v. GEICO Indem. Co.*, No. 11-20546-CIV, 2011 WL 11769047, at *2 (S.D. Fla. Sept. 8, 2011) (finding information in the personnel files of the employees responsible for adjusting the plaintiff's claim relevant and discoverable).

"In Florida, the question of whether an insurer has acted in bad faith in handling claims against the insured is determined under the totality of the circumstances standard." *Berges v. Infinity Ins. Co.*, 896 So. 2d 665, 681 (Fla. 2005). Reasonable diligence and ordinary care are material in determining bad faith. *See Campbell v. Gov't Employees Ins. Co.*, 306 So. 2d 525, 530-31 (Fla. 1974). Thus, Ms.

Robles may discover information from the personnel files about the employees' competence, evaluation, compensation, discipline, educational background, work duties, and hours of work. *See Wiggins*, 2017 WL 3720952, at *3; *Moss*, 2012 WL 682450, at *4; *Kafie*, 2011 WL 4636889, at *2. However, Ms. Robles's request for the three employees' personnel files for a period of nine years is overbroad. The relevant time period is from 2008, the year of the accident, through 2009, the year Mr. Mercado's estate brought the underlying action. Likewise, the subject settlement demand and responses occurred in 2008 and 2009. Thus, GEICO must produce the portions of the personnel files for Ms. Gerdjikian, Mr. Seavey, and Mr. Sugden that address their employment in 2008 and 2009 only.

Ms. Robles agrees to enter into a confidentiality agreement that specifically encompasses personnel files, including performance reviews and evaluations, desk files, and other materials related to the operating procedures of GEICO and its employees. (Doc. 49, p. 10). The confidentiality agreement should also prohibit disclosure of salary and bonus information contained within the personnel files. With Ms. Robles's consent to a confidentiality agreement, GEICO's "objection on privacy grounds is unavailing." *Whitney v. Esurance Ins. Co.*, No. 13-61329-CIV, 2013 WL 12092069, at *2 (S.D. Fla. Oct. 18, 2013); *Wiggins*, 2017 WL 3720952, at *3 ("[T]he parties have agreed to enter into a confidentiality agreement, which would alleviate any such concerns.").

## III.    CONCLUSION

Ms. Robles's motion to compel documents responsive to request for production no. 17 (doc. 49) is **GRANTED-IN-PART AND DENIED-IN-PART**.  GEICO must produce the personnel files of Helen Gerdjikian, Dave Seavey, and Mark Sugden for their employment in 2008 and 2009, including any performance evaluations, statistical reviews, salary, bonuses, and any other data about the job performance during those two years.  If redactions are required, GEICO must provide a redaction log identifying the author of the document, the recipient of the document, the subject of the information redacted, the date of the document, and a specific explanation of why redaction is appropriate.

**ORDERED** in Tampa, Florida on April 1, 2020.

AMANDA ARNOLD SANSONE
United States Magistrate Judge