UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LINDA J. ROBLES, as Personal
Representative of the Estate of
MIGUEL A. MERCADO, deceased,

    Plaintiff,

v.                                                                                        Case No. 8:19-cv-1293-T-60AAS

GEICO INDEMNITY COMPANY,

    Defendant.
_____/

**ORDER GRANTING "PLAINTIFF'S TIME SENSITIVE MOTION TO STAY ORDER COMPELLING PRODUCTION OF WORK PRODUCT PROTECTED AND ATTORNEY-CLIENT DOCUMENTS"**

This matter is before the Court on "Plaintiff's Time Sensitive Motion to Stay Order Compelling Production of Work Product Protected and Attorney-Client Documents," filed on May 6, 2020. (Doc. 100). On May 7, 2020, Defendant GEICO Indemnity Company filed a response in opposition to the motion. (Doc. 101). After review of the motion, response, court file, and record, the Court finds as follows:

In part of an ongoing series of discovery disputes, the Court previously overruled Plaintiff Linda J. Robles's objection to Judge Sansone's March 31, 2020, Order, and directed Plaintiff to produce certain documents. (Doc. 92). The Court subsequently clarified that Plaintiff was required to produce the documents on or

before May 7, 2020. (Doc. 97). Rather than produce the documents, Plaintiff has instead filed a petition for writ of mandamus with the Eleventh Circuit Court of Appeals. (Doc. 100). Plaintiff now seeks a stay of the Court's Orders while the mandamus petition remains pending.

The Court possesses the inherent power to stay proceedings to control the disposition of its docket, in the interest of judicial economy. *Guice v. Brennan*, Case No. 8:15-cv-2846-T-MAP, 2017 WL 11459500, at *1 (M.D. Fla. Jan. 19, 2017) (citing *Landis v. North American Co.*, 299 U.S. 248, 254 (1936)). To obtain a stay, the moving party must demonstrate: (1) a strong showing that she is likely to prevail on the merits of the appeal; (2) irreparable injury absent a stay; (3) lack of substantial injury to the other parties involved in the proceeding; and (4) "where the public interest lies." *Id*. (citing *Hilton v. Braunskill*, 481 U.S. 770, 770-71 (1987)). "A stay is 'extraordinary relief' for which the moving party bears a 'heavy burden' to demonstrate." *Id*. (quoting *Winston-Salem/Forsyth Cty. Bd. of Educ. v. Scott*, 404 U.S. 1221, 1231 (1971)).

First, the Court finds that Plaintiff is unlikely to succeed on the merits of her petition for writ of mandamus. "The Eleventh Circuit will only issue a writ of mandamus when no other adequate means are available to remedy a clear usurpation of power or abuse of discretion." *Sandalwood Ests. Homeowner's Ass'n, Inc. v. Empire Indem. Ins. Co.*, No. 09-cv-80787-RYSKAMP/VITUNAC, 2010 WL

11505438, at *1 (S.D. Fla. June 3, 2010). The United States Supreme Court has explained that "postjudgment appeals generally suffice to protect the rights of litigants and ensure the vitality of the attorney-client privilege." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 109 (2009). Furthermore, the Court did not abuse its discretion in overruling Plaintiff's objection to the March 31, 2020, Order, which held that – under the totality of the circumstances – Plaintiff's willingness to settle is highly relevant in this bad-faith action. There is an abundance of case law explaining that the claimant's unwillingness to settle is relevant as to whether the insurer acted in bad faith, and this factor must be considered under the totality of the circumstances. As such, the Court finds that Plaintiff is unlikely to prevail on her mandamus petition because she cannot show that extraordinary relief is warranted. The Court recognizes, however, that reasonable minds may disagree on this issue.

Second, the Court finds that in the event that the Eleventh Circuit agrees with the case law cited by Plaintiff, she would be substantially harmed if the Court required her to produce the privileged documents. *See Nowak v. Lexington Ins. Co.*, No. 05-21682CIV-MORENO, 2006 WL 3613760, at *2 (S.D. Fla. June 22, 2006). Yet, as the Court has noted, a postjudgment appeal is generally sufficient to protect a plaintiff's rights and ensure the vitality of the attorney-client privilege. *See Mohwak*, 558 U.S. at 109. In fact, "[a]ppellate courts can remedy the improper

disclosure of privileged material in the same way they remedy a host of other erroneous evidentiary rulings: by vacating an adverse judgment and remanding for a new trial in which the protected material and its fruits are excluded from evidence." *Id*. Accordingly, the Court finds that although Plaintiff would certainly be harmed, it does not appear that she would be *irreparably* harmed by the disclosure of these documents at this juncture.

Third, the Court finds that Defendant GEICO would suffer some injury if a stay were to be granted due to the delay. For instance, although discovery would not be stayed in its entirety, the information in these documents might lead to other discoverable information related to this lawsuit. However, a temporary stay would not result in substantial injury.

Finally, the Court finds that the public interest may be served if the stay is granted. Plaintiff has not adequately explained how a stay would serve the public interest – she only discusses her interest. To the extent that the documents at issue are discoverable and not protected by attorney-client privilege or the work product doctrine, the public interest would clearly lie in the disclosure and production of these documents. However, as the legal issues here involve important legal privileges and doctrines, the public interest is also served by granting a temporary stay while the Eleventh Circuit reviews the petition for writ of mandamus.

Although a close call, having considered and weighed these factors, the Court

concludes that Plaintiff has carried her burden.  Consequently, the motion for a temporary stay is granted.

It is therefore

**ORDERED**, **ADJUDGED**, and **DECREED**:

(1) "Plaintiff's Time Sensitive Motion to Stay Order Compelling Production of Work Product Protected and Attorney-Client Documents" is hereby **GRANTED**.

(2) The Court's Orders (Docs. 92; 97) are **STAYED** pending the Eleventh Circuit's review of Plaintiff's petition for writ of mandamus.  Plaintiff is directed to immediately notify the Court when the Eleventh Circuit rules on the petition.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this <u>7th</u> day of May, 2020.

**TOM BARBER**
**UNITED STATES DISTRICT JUDGE**