UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**LINDA J. ROBLES, as Personal
Representative of the Estate of
MIGUEL A. MERCADO, deceased,**

    **Plaintiff,**
v.                                                     **Case No. 8:19-cv-1293-T-60AAS**

**GEICO INDEMNITY COMPANY,**

    **Defendant,**
_____/

## ORDER

GEICO Indemnity Company moves to compel documents withheld as privileged by Ms. Robles in response to a subpoena directed to her attorney Christine Franco. (Doc. 72). A prior order granted GEICO's request for *in camera* review and took the motion to compel under advisement pending the review. (Doc. 85). Upon *in camera* review of the withheld documents, the motion to compel is **GRANTED in part and DENIED in part**.

**I.    BACKGROUND**

This is a third-party insurance bad-faith action brought by Ms. Robles, as Personal Representative of the Estate of Miguel A. Mercado, against GEICO. (Doc. 1). This action arises from an automobile accident involving Aaron Swanson and Mr. Mercado. (*Id.*). At the time of the accident, Mr. Swanson was insured by GEICO under an automobile liability policy, which provided bodily injury coverage for

1

$10,000 per person and $20,000 per occurrence. (*Id.*).

Ms. Robles retained attorney Christine Franco to represent her in the underlying wrongful death action, *Linda J. Robles, as Personal Representative of the Estate of Miguel A. Mercado v. Aaron Swanson*, Case No.: 09-CA-31972, in the Thirteenth Judicial Circuit in and for Hillsborough County. Ms. Robles also retained attorney Nadine Diaz with the law firm of Darrigo, Diaz & Jiminez, P.A., and attorney Weldon E. Brennan with the law firm of Brennan, Holden & Kavoklis, P.A., as co-counsel. The wrongful death action resulted in the entry of a judgment against GEICO's insured for $1,667,667 in compensatory damages.

On May 29, 2019, Ms. Robles brought this bad-faith action against GEICO. (Doc. 1). GEICO served a subpoena *duces tecum* to non-party Ms. Franco or the records custodian for Franco Law Group, P.A. (Doc. 19-1). Ms. Robles served responses, objections to GEICO's subpoena, and a privilege log. (Docs. 44-2, 72-1). On October 22, 2019, GEICO moved for *in camera* review and to compel certain documents responsive to GEICO's discovery requests and withheld on the privilege log (Bates Nos. Robles_000071-74, 000075, 000077, 000078, and 000079). (Doc. 31). The court held a hearing on GEICO's motion, and granted GEICO's request for *in camera* review and took the motion to compel under advisement pending the review. (Doc. 50).

After performing an *in camera* review, the court ordered Ms. Robles to produce responsive documents along with an amended privilege log listing only documents

2

subject to the subpoena.¹ (Doc. 78). Ms. Robles provided an amended privilege log but, pending the Eleventh Circuit's review of Ms. Robles's petition for writ of mandamus, a subsequent order stayed Ms. Robles's compliance with the order compelling production. (Doc. 103).

GEICO now moves to compel the production of documents withheld on the amended privilege log, specifically, Bates Nos. Franco_000029; 000031; 000035; 000041-42; 000049; 000067; 000081; 000099-100; 000109-111; 000113-115; 000118. (Doc. 72-2). Ms. Robles and Ms. Franco oppose the motion. (Docs. 81, 86). Having granted GEICO's request for *in camera* review² (Doc. 85), the undersigned reviewed the subject documents. (*See* S-Doc. 102-3).

## II.   ANALYSIS

"Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Discovery allows for the "open disclosure of all potentially relevant information." *Burns v. Thikol Chemical Corp.*, 483 F.2d 300, 307 (5th Cir. 1973).³ "The term 'relevant' is 'construed broadly to encompass any matter that bears

---

¹ Ms. Robles objected to the court's orders granting *in camera* review and directing Ms. Robles to produce the subject documents. (Docs. 54, 83). Subsequent orders overruled Ms. Robles's objections. (Docs. 64, 92).

² Ms. Robles objected to the court's second order granting an *in camera* review, but her objections were overruled. (*See* Docs. 90, 93).

³ In *Bonner v. Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as precedent all prior decisions of the Fifth Circuit.

3

on, or that reasonably could lead to other matter that bears on, any issue that is or may be in the case.'" *Auto-Owners Ins. Co. v. Southeast Floating Docks, Inc.*, 231 F.R.D. 426, 430 (M.D. Fla. 2005) (quoting *Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978)).

On the privilege log, Ms. Robles lists Bates Nos. Franco_000029; 000031; 000035; 000041-42; 000049; 000067; 000081; 000099-100; 0000109-111; 0000113-115; 0000118, as protected by the work-product doctrine, attorney-client privilege, non-responsive, or (most often) as a combination of these objections. (Doc. 72-2). The court will address each category of objections.

### A. Work Product Doctrine

While Federal Rule of Evidence Rule 501 provides that a state's law of privilege governs in federal diversity cases, the work-product doctrine is a limitation on discovery in federal cases and thus federal law provides the primary decisional framework. *Kemm v. Allstate Property and Cas. Ins. Co.*, Case No. 8:08-cv-299-T-30EAJ, 2009 WL 1954146, at *2 (M.D. Fla. July 7, 2009); *but see Cozort v. State Farm Mut. Auto. Ins. Co.*, 233 F.R.D. 674, 676 (M.D. Fla. 2006) (applying Florida law in determining whether the work-product doctrine shielded documents from discovery in a bad-faith action).[4]

Federal Rule of Civil Procedure 26(b)(3)(A) governs the application of the work-product protection, and states:

---

[4] Although the *Cozort* court performed an alternative analysis, it yielded the same result. *Cozort*, 233 F.R.D. at 676.

> Ordinarily, a party may not discover documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative (including the other party's attorney, consultant, surety, indemnitor, insurer, or agent). But, subject to Rule 26(b)(4), those materials may be discovered if:
>
> > (i) they are otherwise discoverable under Rule 26(b)(1); and
>
> > (ii) the party shows that it has substantial need for the materials to prepare its case and cannot, without undue hardship, obtain their substantial equivalent by other means.

Rule 26(b)(3) further provides that if the court orders discovery of the material described above, "it must protect against disclosure of the mental impressions, conclusions, opinions, or legal theories of a party's attorney or other representative concerning the litigation." Fed. R. Civ. P. 26(b)(3)(B). The party asserting work-product protection bears the initial burden of proving that the requested materials are protected work product. *U.S. Fid. & Guar. Co. v. Liberty Surplus Ins. Corp.*, 630 F. Supp. 2d 1332, 1336-37 (M.D. Fla. 2007). If the work-product doctrine applies to the materials being sought, then the moving party must demonstrate that the materials are discoverable under Rule 26(b)(1), there is a substantial need for the materials to prepare its case, and that it cannot, without undue hardship, obtain the substantial equivalent by other means. Fed. R. Civ. P. 26(b)(3)(A).

"Both Florida state courts and federal courts have consistently held that the work product protection is overcome by the substantial need of the plaintiffs in bad faith cases." *Hallmark Ins. Co. v. Maxum Cas. Ins. Co.*, No. 6:16-cv-2063-ORL-37GJK, 2017 WL 3730376, at *3 (M.D. Fla. Aug. 14, 2017) (citing *Allstate Indem. Co.*

5

*v. Ruiz*, 899 So. 2d 1121, 1130 (Fla. 2005); *McMullen v. GEICO Indem. Co.*, No. 14-cv-62467, 2015 WL 2226537, at *4 (S.D. Fla. May 13, 2015)); *see also McCoy v. GEICO Gen. Ins. Co.*, No. 6:19-cv-353-ORL-WWB-DCI, 2019 WL 5391104, at *3 (M.D. Fla. Aug. 14, 2019).

"In Florida, the question of whether an insurer acted in bad faith in handling claims against the insured is determined under the 'totality of the circumstances' standard." *Berges v. Infinity Ins. Co.*, 896 So. 2d 665, 680 (Fla. 2004). (citation omitted). The conduct of the claimant and the claimant's attorney is relevant to determining the "realistic possibility of settlement." *Cardenas v. Geico Cas. Co.*, 760 F. Supp. 2d 1305, 1309 (M.D. Fla. 2011) (citing *Barry v. Geico Gen. Ins. Co.*, 938 So. 2d 613, 618 (Fla. 4th DCA 2006) ("The conduct of the [attorney] would be relevant to the question of whether there was any realistic possibility of settlement."). As such, courts generally find that work product materials within the claimant's lawyer's underlying litigation file are discoverable. *See Gonzalez v. GEICO Gen. Ins. Co.*, No. 8:15-cv-0240-T-30TBM, 2016 WL 7732310, at *3 (M.D. Fla. Jan. 20, 2016); *Batchelor v. Geico Cas. Co.*, No. 6:11-cv-1071-ORL, 2014 WL 3697691, at *4 (M.D. Fla. Apr. 22, 2014) aff'd, No. 6:11-cv-1071-ORL-37, 2014 WL 3687490 (M.D. Fla. June 20, 2014); *see also Ruiz*, 899 So. 2d at 1130-31 (work product protection otherwise given to documents prepared in anticipation of litigation of the underlying case does not automatically operate to protect those documents from discovery in a bad-faith insurance case).

Ms. Robles lists Bates Nos. Franco_000029; 000031; 000035; 000041-42; 000049; 000067; 000081; 000099-100; 0000109-111; 0000113-115; 0000118, as protected by the work product doctrine. (Doc. 72-2). The communications and notes in the withheld documents address GEICO's efforts to resolve Ms. Robles's underlying claim and are not protected by the work product doctrine.[5] (*See* S-Doc. 102-3). This withheld information is highly relevant to whether GEICO could have settled the underlying claim "under the totality of the circumstances." *See McMullen*, 2015 WL 2226537, at *7-8. As courts have observed, it would promote "unjustified inequity" to compel GEICO to produce evidence relevant to Ms. Robles's claim while prohibiting GEICO from discovering evidence relevant to its defense. *See Tolz v. Geico Gen. Ins. Co.*, No. 08-80663-CIV, 2010 WL 384745, at *4-5 (S.D. Fla. Jan. 27, 2010) (finding "no logical reason" why an insurer cannot invade the work-product of a plaintiff and his or her counsel to support its defenses in a bad-faith case). Thus, Ms. Robles's assertion of the work product doctrine fails.

### B.    Attorney-Client Privilege

The attorney-client privilege is a matter of substantive law governed by state

---

[5] The court is mindful of the distinction between fact and opinion work product. The court does not view the documents at issue as containing opinion work. (*See* S-Doc. 102-3). That said, even if the documents were viewed as containing opinion work product, the court would still order production. *See Williamson v. Moore*, 221 F.3d 1177, 1182 (11th Cir. 2000) ("While opinion work product enjoys almost absolute immunity, extraordinary circumstances may exist that justify a departure from this protection."); *Cozort*, 233 F.R.D. at 676-77 (finding that exceptional circumstances justified discovery of the mental impressions of the insurer's counsel in a bad-faith action); *Mendez*, 2006 WL 449538 at *2 (ordering production of "classic opinion work product" that dealt solely with underlying state court litigation).

law in federal diversity cases. *Bradt v. Smith*, 634 F.2d 796 (5th Cir. 1981). Under Florida law, "a client has a privilege to refuse to disclose, and to prevent any other person from disclosing, the contents of confidential communications when such other person learned of the communications because they were made in the rendition of legal services to the client." Fla. Stat. § 90.502(2). In other words, the privilege applies to "confidential communications made in the rendition of legal services to the client." *S. Bell Tel. & Tel. Co. v. Deason*, 632 So.2d 1377, 1380 (Fla. 1994) (citing Fla. Stat. § 90.502). The burden of establishing the attorney-client privilege rests on the party claiming it. *See, e.g.*, *Deason*, 632 So.2d at 1383.

Ms. Robles claims certain requested documents are protected by the attorney-client privilege—Bates Nos. Franco_000029; 000041-42; 000049; 000067; 000081; 000099-100; 000109-111; 000113-115; and 000118. Upon review of the withheld documents, a portion of the document bates stamped Franco_000109 is protected by attorney-client privilege.[6] (*See* S-Doc. 102-3). Specifically, at the bottom of Franco_000109, the email from Eddie Jiminez to Christine Franco, Nadine Diaz, and Beth Shipley on July 22, 2009 at 11:22 a.m., summarizes his prior discussions with Linda Mercado (including the legal advice she sought and the advice he gave her) and so is protected by the attorney-client privilege. (S-Doc. 102-3, p. 14). The other portions of Franco_000109 are not protected by the attorney-client privilege.

---

[6] The privilege log describes this communication as an "[e]mail thread between Christine Franco, Eddie Jiminez, Nadine Diaz and Beth Shipley re client communications and case strategy." (Doc. 72-2, p. 2).

8

Similarly, Bates Nos. Franco_000109, and Franco_000029; 000041-42; 000049; 000067; 000081; 000099-100; 000110-111; 000113-115; and 000118 are not privileged.

### C.  Nonresponsive

Ms. Robles claims certain requested documents are not responsive to GEICO's discovery requests—Bates Nos. Franco_000029; 000035; 000067; and 000115. (*See* S-Doc. 102-3). Upon review of the withheld documents, a portion of the document bates stamped Franco_000035 is non-responsive, as are Franco_000067 and 000115. (*Id.*). However, the unresponsive entries are not otherwise privileged or protected. Thus, these documents should neither be redacted nor omitted from production. *See Harleysville-Atl. Ins. Co. v. CB Contractors, LLC*, No. 6:17-CV-258-ORL-28GJK, 2017 WL 8948387, at *2 (M.D. Fla. June 29, 2017) ("When redacting information, counsel should only redact information that is truly proprietary, confidential, or constitutes a trade secret."); *see also Durling v. Papa John's Int'l, Inc.*, No. 16-CIV-3592-CSJCM, 2018 WL 557915, at *9 (S.D.N.Y. Jan. 24, 2018) ("redactions on grounds of non-responsiveness or irrelevance are generally impermissible"); *Trident Seafoods Corp. v. Commonwealth Ins. Co.*, No. 2:10-CV-00214-RAJ, 2011 WL 13234644, at *2 (W.D. Wash. Oct. 31, 2011) (holding that the only documents that can be withheld are privileged or work-product documents); *In re State St. Bank & Tr. Co. Fixed Income Funds Inv. Litig.*, No. 08 Civ. 0333-RJH-DFE, 2009 WL 1026013, at *1 (S.D.N.Y. Apr. 8, 2009) (directing parties not to "redact any portion of a document on the ground that the portion is non-responsive" because such redactions "breed suspicions" and "may

deprive the reader of context").

### III. CONCLUSION

GEICO's motion to compel (Doc. 72) is **GRANTED in part and DENIED in part**:

(1) Ms. Robles must produce to GEICO withheld documents bates stamped Franco_000029; 000031; 000035; 000041-42; 000049; 000067; 000081; 000099-100; 000109-111; 000113-115; 000118. However, as addressed above, the email contined in the bottom portion of Franco_000109 is protect by attorney-client privilege and may be redacted as privileged.

(2) Ms. Robles must produce these documents on a date to be established after the stay pending the Eleventh Circuit's review of Ms. Robles's petition for writ of mandamus is lifted. (*See* Doc. 103, p. 5).

**ORDERED** in Tampa, Florida on July 10, 2020.

AMANDA ARNOLD SANSONE
United States Magistrate Judge

10