UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**LINDA J. ROBLES, as Personal
Representative of the Estate of
MIGUEL A. MERCADO, deceased,**

    **Plaintiff,**

v.                                                                   Case No. 8:19-cv-1293-TPB-AAS

**GEICO INDEMNITY COMPANY,**

    **Defendant.**
_____/

## REPORT AND RECOMMENDATION

Defendant GEICO Indemnity Company (GEICO) requests an award of its taxable costs under Federal Rule of Civil Procedure 54(d)(1), 28 U.S.C. § 1920. (Doc. 217). Plaintiff Linda J. Robles, as Personal representative of Miguel A. Mercado, opposes the motion. (Doc. 159).

**I.     BACKGROUND**

This is a third-party bad faith action brought by Ms. Robles against GEICO. (Doc. 1). GEICO moved for summary judgment and Ms. Robles opposed the motion. (Docs. 114, 135). District Judge Thomas P. Barber adopted the undersigned's report and recommendation and granted GEICO's motion for summary judgment. (Docs. 142, 151). The Clerk entered judgment in GEICO's favor. (Doc.152).

GEICO now requests the court award its prevailing party costs of $13,736.93 against Ms. Robles. (Doc. 153). Ms. Robles responds that if the court awards GEICO its taxable costs, the costs at least should be reduced to $1,608.96. (Doc. 159). Ms. Robles ultimately requests that the court reduce GEICO's taxable costs to $1 due to Ms. Robles's inability to pay. (Doc. 159, pp. 9-10).

## II.  ANALYSIS

Federal Rule of Civil Procedure 54(d) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). A prevailing party is "one who has been awarded some relief by the court." *Morillo-Cedron v. Dist. Dir. for the U.S. Citizenship & Immigration Servs.*, 452 F.3d 1254, 1257 (11th Cir. 2006) (citation omitted). In awarding costs, courts are limited to those listed in 28 U.S.C. Section 1920. *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987). It is within the court's discretion to deny a full award of costs if the court has, and states, a sound reason. *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000).

The categories of taxable costs include: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where

the copies are necessarily obtained for use in the case; (5) docket fees under 28 U.S.C. Section 1923; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under 28 U.S.C. Section 1828. 28 U.S.C. § 1920.

Having obtained judgment in its favor, GEICO is the prevailing party and entitled to taxable costs. *See Head v. Medford*, 62 F.3d 351, 354 (11th Cir. 1995) ("[T]he litigant in whose favor judgment is rendered is the prevailing party for purposes of Rule 54(d)."). GEICO requests an award of $13,736.93 in taxable costs, which represents: fees for service of subpoenas ($225.00); fees for printed or electronically recorded transcripts ($12,379.70); fees and disbursements for printing ($1,027.90); and fees for witnesses ($104.33). (Doc. 154-1).

    **A.**    **Service Fees**

GEICO requests the court award $225.00 in fees for service of subpoenas. (Doc. 154-1, p. 1). Under Section 1920(1), a prevailing party may recover service of process costs for the complaint, deposition subpoenas, and trial subpoenas. *Powell v. Carey Int'l., Inc.*, 548 F. Supp. 2d 1351, 1356 (S.D. Fla. 2008). Courts can tax costs for a private process server's fee, but the fee should not exceed the statutory maximum authorized for service by the U.S. Marshals Service. *EEOC v. W & O, Inc.*, 213 F.3d 600, 623–24 (11th Cir. 2000). According to regulations proscribed by the Attorney General, the U.S. Marshals Service

may charge $65 per hour for each item served, plus travel costs and other out-of-pocket expenses. 28 U.S.C. § 1921(b); 28 C.F.R. § 0.114(a)(3).

GEICO served eight subpoenas and were charged from $25 to $50 for service. (Doc. 154-2, pp. 1-6). These service costs are within the statutory maximum authorized for service by the U.S. Marshals Service. Thus, the compensable costs for service is **$225.00**.

B.   **Fees for Depositions**

GEICO requests the court award GEICO $12,379.70 in costs associated with deposition fees, deposition transcripts, and a hearing transcript. (Doc. 154-1, pp. 1-3). GEICO requests an award of deposition transcript costs for these deponents: Dave Seavey ($315.25); Mark Sugden ($928.55); Helen Gerdjikian ($1,385.15); Aaron Swanson ($1,113.25); Gloria Mercado ($95.00); Linda Robles ($773.70); Angela Swanson ($1,100.90); Christine Franco, Esq. ($1,720.85); Melissa Barile ($274.35); Mark Cederberg, Esq. ($1,253.00); Scott Jones ($355.10); and Kathy Maus, Esq. ($409.50).[1] (Doc. 154-2, pp. 7-17). GEICO requests an award of the videographer fees for these depositions: Mr.

---

[1] Dave Seavey supervised the GEICO claims examiner assigned to the underlying automobile accident. Mark Sugden is a GEICO representative. Helen Gerdjikian was the GEICO claims examiner assigned to the underlying bodily injury claim. Aaron Swanson is the GEICO policy holder and the driver responsible for the underlying accident. Gloria Mercado is the widow of Miguel Mercado. Angela Swanson is Mr. Swanson's mother. Christine Franco represented Mr. Mercado's estate in the wrongful death action against Mr. Swanson. Ms. Barile works at Ms. Franco's law firm. Mark Cederberg is Ms. Robles's expert. Scott Jones is GEICO's corporate representative. Kathy Maus is GEICO's expert.

4

Sugden ($445.00); Ms. Gerdjikian ($587.50); and Mr. Swanson ($445.00). (*Id.* at pp. 18, 19, 21). GEICO also requests an award of the interpreter fee for Ms. Mercado's deposition ($560.00) and the deposition tech fee for Ms. Swanson's deposition ($400.00). (*Id.* at pp. 20, 22). GEICO further requests an award of its costs for obtaining the February 12, 2020 hearing transcript ($217.60). (*Id.* at p. 23).

### 1.  Deposition Transcripts

Under Section 1920(2), courts may tax costs for transcripts necessarily obtained for use in the case. To be compensable, deposition transcripts need not be used at trial. *U.S. E.E.O.C. v. W&O, Inc.*, 213 F.3d 600, 621 (11th Cir. 2000). But the prevailing party must have taken the deposition about an issue the parties contested when the deposition occurred. *Muldowney v. MAC Acquisition, LLC*, No. 09-22489-CIV-HUCK, 2010 WL 3385388, at *4 (S.D. Fla. July 30, 2010). "Where the deposition costs were merely incurred for convenience, to aid in thorough preparation, or for purposes of investigation only, the costs are not recoverable." *Id.* (quoting *Goodwall Const. Co. v. Beers Const. Co.*, 824 F. Supp. 1044, 1066 (N.D. Ga. 1992)).

GEICO argues the deposition transcripts "were necessarily obtained for use in this case because they were related to the issues in this case, were used at or in connection with GEICO's Motion for Summary Judgment, used in preparations for hearings, used in the context of various discovery disputes, or

5

otherwise obtained for use in the defense of the bad faith action against GEICO." (Doc. 153, p. 5). "[D]epositions relied upon for summary judgment motions are taxable." *Joseph v. Nichell's Caribbean Cuisine, Inc.*, 950 F. Supp. 2d 1254, 1258 (S.D. Fla. 2013) (citation omitted). However, "deposition costs are taxable even if a prevailing party's use of a deposition is minimal or not critical to that party's ultimate success, unless the losing party demonstrates that the deposition was not related to an issue present in the case at the time of the deposition." *Ass'n for Disabled Americans, Inc. v. Integra Resort Mgmt., Inc.*, 385 F. Supp. 2d 1272, 1289 (M.D. Fla. 2005) (citing *W&O, Inc.*, 213 F.3d at 621).

A review of GEICO's motion for summary judgment reveals that GEICO attached and cited to the deposition transcripts of Mr. Jones, Mr. Seavey, Mr. Cederberg, Ms. Gerdjikian, and Ms. Franco. (*See* Doc. 114). These depositions were used in GEICO's argument in support of summary judgment and the court's consideration of GEICO's motion. In addition, Ms. Robles submitted a portion of Ms. Barile's deposition and Mr. Sugden's deposition in support of her opposition to GEICO's motion for summary judgment. (Docs. 131-1, 135-1). Thus, these deposition transcripts are taxable.[2]

---

[2] Ms. Robles contends the amount of GEICO's deposition related costs should be reduced because they include nontaxable exhibits, litigation support packages, condensed transcripts, and processing. (Doc. 159, pp. 5-7). However, GEICO did not request recovery of these added expenses. (*See* Doc. 154-2, pp. 7-22).

6

As stated by GEICO, the deposition of Ms. Robles was necessary as the plaintiff in this action. Ms. Maus's deposition was necessary as GEICO's expert. The deposition of Ms. Mercado was necessary to obtain information about whether GEICO offered to tender the policy limits. Likewise, the depositions of Mr. Swanson and his mother Ms. Swanson were necessary to learn about the handling of the bodily injury claim and their communications with GEICO. Thus, these deposition costs are taxable.

Ms. Robles argues that the costs per page of the transcripts of Mr. Seavey, Ms. Gerdjikian, Ms. Franco, Mr. Cederberg, and Mr. Jones should be reduced to $3.00 per page. (Doc. 159, pp. 7-8). The depositions range from a $3.00-per-page to $4.65-per-page. GEICO provides no explanation for this discrepancy. The court reduces the amount GEICO can recover for transcripts to $3.00-per-page for Mr. Seavey's transcript (reduced to $291.00), Ms. Gerdjikian's transcript (reduced to $663.00), Ms. Franco's transcript (reduced to $807.00), Mr. Cederberg's transcript (reduced to $630.00), and Mr. Jones transcript (reduced to $318.00).

GEICO should be awarded its costs for the deposition transcripts for Mr. Seavey ($291.00), Ms. Gerdjikian ($663.00), Mr. Swanson ($1,113.25), Ms. Mercado ($95.00), Ms. Robles ($773.70), Ms. Swanson ($1,100.90), Ms. Franco, ($807.00), Mr. Cederberg ($630.00), Mr. Jones ($318.00), Ms. Maus, ($409.50)

7

Ms. Barile ($274.35), and Mr. Sugden ($445.00) —totaling **$6,940.70**. (*See* Doc. 154-2, pp. 7-22).

### 2. Deposition Video Recording

"A prevailing party may recover the cost of video recording a deposition, but only if the party noticed the deposition to be video recorded, the other party did not raise any objection regarding the method of recording at the time, and the video was necessarily obtained for use in the case." *Gonzalez v. Geico Gen. Ins. Co.*, No. 8:15-CV-240-T-30TBM, 2017 WL 1519755, at *2 (M.D. Fla. Apr. 27, 2017) (citing *Morrison v. Reichhold Chems., Inc.*, 97 F.3d 460, 465 (11th Cir. 1996)). Ms. Robles does not claim she objected to the video recordings at the time GEICO noticed the depositions, so Ms. Robles must pay the costs associated with Ms. Gerdjikian's ($587.50) and Mr. Swanson's ($445.00) video recorded depositions—totaling **$1,032.50**.

### 3. Other Deposition Expenses and Hearing Transcript

GEICO requests recovery of the interpreter's fee for Ms. Mercado's deposition. Ms. Mercado's deposition was less than an hour, and the fee requested is $560.00 for four hours. (Doc. 154-2, p. 20). This appears inaccurate or at least an excessive amount to tax for translating a one-hour deposition. Although interpreter fees may be recoverable in some cases, GEICO failed to submit documentation supporting the fee requested. A party's failure to provide sufficient detail or documentation for the costs can be grounds to deny

the costs. *Pelc v. Nowak*, No. 8:11-CV-79-T-17TGW, 2013 WL 3771233, at *5 (M.D. Fla. July 17, 2013), aff'd, 596 F. App'x 768 (11th Cir. 2015). Thus, the interpreter fee for Ms. Mercado's deposition should not be taxed against Ms. Robles.

GEICO requests $400.00 for a "deposition tech fee" for Ms. Swanson's deposition. It is unclear from the motion and supporting documents what this fee covers. Likewise, GEICO requests $271.60 for a hearing transcript, which was not cited in any dispositive motions. GEICO did not argue, and the court cannot find, a basis to recover these costs. Thus, they should be excluded.

\*     \*     \*     \*

After eliminating the non-compensable costs associated with depositions and the hearing transcript cost, the total GEICO should be reimbursed for "fees for printed or electronically recorded transcripts necessarily obtained for use in the case" under Section 1920(2) is **$7,973.20** ($6,940.70 (deposition transcripts) + $1,032.50 (videorecording)).

### C.  Fees for Copies

GEICO requests reimbursement for $1,027.90 in fees for exemplification and the costs for making copies. (Docs. 154-1, p. 3). GEICO states that the copies were made for "the purposes of litigation in this matter, including preparing pleadings, responding to discovery, motion practice [. . .],

9

correspondence, exhibits for deposition, trial exhibits and notebooks." (Doc. 153, p. 7).

Under Section 1920(4), a court may award the costs of making copies necessarily obtained for use in the case. The costs of copying exhibits and documents prepared for the court's consideration are recoverable under Section 1920(4). *Desisto Coll. v. Town of Howey-in-the-Hills*, 718 F. Supp. 906, 913, (M.D. Fla. June 2, 1989), *aff'd,* 914 F.2d 267 (11th Cir. 1990) (citation omitted). Copies obtained for counsel's convenience are not taxable. *Id.* The prevailing party must prove it may recover each cost and expense it requests. *See Gomez v. Smith*, No. 8:13-cv-3185-T-33AEP, 2015 WL 5135772, at *2 (M.D. Fla. Sept. 1, 2015).

GEICO's request for in-house copying costs attaches nine pages of redacted "Slip Listing[s]." (Doc. 154-2, pp. 24-32). GEICO provides no description of the copying charges to determine whether the copies were necessarily obtained for use in the case or simply for GEICO's convenience. (*Id.*).

The court should not award GEICO the costs requested for its in-house copying because GEICO has provided no details about the types of documents or purpose for their copying. *Cullens v. Ga. Dep't of Transp.*, 29 F.3d 1489, 1494 (11th Cir. 1994) (The party seeking reimbursement for copying costs must

10

present evidence "regarding the documents copied including their use or intended use.").

### E. Witness Fees

The court can tax witness fees under 28 U.S.C. § 1920(3). But recovery of such fees is limited to $40.00 per day per witness. 28 U.S.C. § 1821(b). "A witness is also entitled to the actual expenses of travel by common carrier at the most economical rate reasonably available." *Martinez v. Hernando Cty. Sheriff's Office*, No. 8:12-CV-666-T-27TGW, 2013 WL 6047020, at *5, n.7 (M.D. Fla. Nov. 13, 2013), aff'd, 579 F. App'x 710 (11th Cir. 2014) (citing 28 U.S.C. § 1821(c)(1)).

GEICO requests $50.53 for Mr. Swanson's witness fee and $53.80 for Ms. Swanson's witness fee, including travel. Thus, **$104.33** in witness fees is taxable.

### F. Equitable Deduction

Ms. Robles argues the court should reduce the costs awarded to GEICO because of Ms. Robles limited financial resources. (Doc. 159, pp. 8-9). "[A] non-prevailing party's financial status is a factor that a district court may, but need not, consider in its award of costs pursuant to Rule 54(d)." *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000).

Ms. Robles testifies she cares for her elderly mother and her sole source of income is from her teacher's salary from Hillsborough County Public

11

Schools. (*See* Doc. 159-2). The court should reduce GEICO's recoverable costs by 50% considering Ms. Robles's circumstances. *Chapman*, 229 F.3d at 1039 (en banc) (holding that a court may, but need not, consider financial resources of the nonprevailing party as a factor in determining the amount of costs to award); *Jessup v. Miami-Dade Cty.*, No. 08-21571-CIV, 2011 WL 294417, at *1 (S.D. Fla. Jan. 27, 2011) (reducing costs by 35% because the plaintiff's supplemental affidavit showed that she was indigent and unable to pay the full amount); *Brown v. U.S. Dep't of Agric.*, No. 6:06-CV-1329-ORL-18UAM, 2008 WL 203382, at *1 (M.D. Fla. Jan. 23, 2008) (reducing costs by 50% based on plaintiff's indigency). Thus, the court should award GEICO **$4,151.27**[3] in taxable costs.

### III.  CONCLUSION

It is **RECOMMENDED** that GEICO's motion to tax costs (Doc. 153) be **GRANTED in part** and **DENIED in part**. GEICO should receive an award of **$4,151.27** in taxable costs against Ms. Robles.

**ENTERED** in Tampa, Florida, on February 19, 2021.

*Amanda Arnold Sansone*
AMANDA ARNOLD SANSONE
United States Magistrate Judge

---

[3] $225.00 (service fees) + $7,973.20 (deposition fees) + $104.33 (witness fees) = $8,302.53 - 50% = $4,151.27.

## **NOTICE TO PARTIES**

The parties have fourteen days from the date they are served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1. A party's failure to object timely in accordance with 28 U.S.C. § 636(b)(1) waives that party's right to challenge on appeal the district court's order adopting this report's unobjected-to factual findings and legal conclusions. 11th Cir. R. 3-1.